( Decided May 5th, 1863.)

### Logan Tribe I. O. R. M. *vs.* Lene Schwartz.

Where the payment of *dues* by a member of a beneficial society is a condition precedent to the right of the plaintiff, the widow of such member, to recover *funeral benefits;* whether the dues were in arrear or not, at the death of the member, is a fact proper to be submitted to the jury.

Appeal from the Court of Common Pleas of Baltimore city.

This was an action brought May the 8th, 1858, in the Court of Common Pleas of Baltimore city, by the appellee, the widow of Simon Schwartz, deceased, against the appellant, a beneficial society, incorporated by the Act of 1842, ch. 172, the said Simon having been, at the time of his death, a member of said society. The object of the suit was the recovery from the defendant of what are called *funeral benefits.* The *narr.* contained three counts: for money received by the defendant for the use of the plaintiff; for money found to be due on account stated; and for money found to be due by the defendant to the plaintiff, as

the widow of S. Schwartz, deceased. The defendant pleaded "*not indebted as slated.*"

*Exception.* At the trial of this cause, the plaintiff, to support the issue on her part, offered in evidence to the jury, by Mr. Kratz, a legal and competent witness, that witness knew Simon Schwartz; that he was a member of Logan Tribe No. 1, of the Improved Order of Red Men; and that he died about 25th July 1856. The said witness then being cross-examined on the part of the defendant, said: that Simon Schwartz was not a "benefit member" at the time of his death; that he did not pay up, but owed the Tribe one dollar eighty-one and a quarter cents. Being then re-examined on the part of the plaintiff, the witness said, that said Simon was not at the meetings of the Tribe for a long time; sometimes he sent money, but that he did not send any money for more than three months before he died; each member is to pay six-and-a-quarter cents a week. The witness then produced an account, which he said was taken from the books of the Tribe, the concluding portion of which is as follows:

| 1855. | *Simon Schwartz,* | | | | Dr. |
|---|---|---|---|---|---|
| Dec. 31. | To amount over, | – | – | – | $84 75 |
| 1856. | | | | | |
| Mar. 31. | " " " | – | – | – | 2 06¼ |
| June 30. | " " " | – | – | – | 2 00 |
| | | | | | 88 81¼ |
| | Where S. Schwartz leaves on | | | | |
| July 1, | A bal. from old acc't, | – | – | | 1 81¼ |
| | Said Schwartz deceased on | | | | |
| July 25, | Whereby he became a *none* beneficial member. | | | | |
| 1850. | | | | | |
| Nov. 25. | Drawn weekly benefits up to | | | | |
| Jan. 6, | 1851, a week $3.00, which is 7 weeks, | | | | 21 00 |

Logan Tribe *vs.* Schwartz.

| *Simon Schwartz.* | | | | | | CR. |
|---|---|---|---|---|---|---|
| **1855.** | | | | | | |
| Dec. 17. | By amount over, | – | – | – | | $79 00 |
| **1856.** | | | | | | |
| April 7. | " " " | – | – | – | | 8 00 |
| | | | | | | 87 00 |

This is a true statement of the books of Logan Tribe. No. 1, I. O. R. M.          CHARLES KOERBER.

The daughter of the deceased, a witness produced on the part of the plaintiff, proved that her father was sick and in bed for one week in each of the three months immediately preceding his death, and that he was sick for three days before he died. Being then cross-examined on the part of the defendant, she said that he died of bilious. fever; and that he was a drinking man.

It was admitted that the defendant was the widow of the said Simon Schwartz, deceased.

Passages were then read on both sides from the printed book of the "Constitution and By-Laws of Logan Tribe No. 1, I. O. R. M.," which will be found, in substance, in the argument of the appellee's counsel. There was no proof of any formal resolution dismissing Schwartz from the Society. The defendant then offered the prayer set out in the opinion of this Court, which was refused by the Court below, (MARSHALL, J.,) and the defendant excepted.

The cause was argued before BOWIE, C. J., and BARTOL and COCHRAN, J.

*T. Parkin Scott,* for the appellant, argued:

1. That by the express terms of the 21st Article of the General Laws, and the 13th Article of the By-Laws, funeral benefits are only due to the widow of a "benefit member" of the Tribe.

2. That the payments to be made to entitle a party to be considered a "benefit member," are regulated by the 16th Article of the General Laws, and the 9th Article of the By-Laws; and that the times of payment and forfeiture of the privilege of a "benefit member," are regulated by the 10th Article of the General Laws, and by the 1st Article,— the 7th Article, sec. 5,—and 10th Article, sec. 1, of the By-Laws.

3. That the evidence offered at the trial, by the witness Kratz, and the books of the Tribe, shew that Simon Schwartz was not a "benefit member" at the time of his death, and consequently the plaintiff is not entitled to recover in this action.

And the appellant will also contend, that by the express terms of the association, all benefit claims against the Tribe, by or on behalf of a member, funeral or otherwise, must be submitted to and finally adjudged by the society. See General Laws X and XXIV, and By-Laws 3rd, 8th, 13th and 25th, sec. 5. And that no claim by, on behalf of, or through a member for benefits, can be prosecuted in Court. 13 *Md. Rep.*, 91, *Anacosta Tribe vs. Murback*. 2 *Wharton*, 309, *Vandyke's case*.

*Wm. Pinkney Whyte*, for the appellee:

The Court below was not in error in refusing the defendant's prayer:

1. Because there was no evidence to sustain it.

2. Because all the evidence showed Simon Schwartz to have been a "benefit member" at the time of his death.

3. Because there was nothing whatever in the General Laws, or By-Laws, forfeiting the rights of the defendant if dues were not paid within *three months;* but *thirteen weeks* is the time limited therein for their payment.

This claim was made under the 13th Article of the By-Laws of Logan Tribe, which provides, that "in the event

of the decease of a brother, who is entitled to the benefits of his Tribe, the Sachem shall give an order" for $30, to pay the expenses of his funeral, and after three months, to the widow there shall be paid out of the treasury $170.

To entitle him to benefits, it was necessary for him to have paid 6¼ cents for each week, and 12½ cents for a school fund, in pursuance of Article 16 of General Laws; and by Article 9 of By-Laws, these weekly dues are payable every thirteen weeks; thus 81¼ cents weekly dues, 12½ cents for school fund, and 25 cents funeral dues.

By Article 10 of General Laws, it was provided, that every brother failing to pay his weekly dues for thirteen regular meetings, shall be suspended from his weekly or funeral benefits, (that is, the $30 allowed for funeral expenses.)

[It will be seen that this refers solely to the $30, for it is found among the General Laws of the Great Council where but $30 are allowed in the case of a deceased member, and does not refer to the allowance to the widow, given in the 13th Article of the By-Laws of the Logan Tribe.]

Section 1, of Article 10 of the By-Laws of Logan Tribe, provides, "that any brother of the Tribe who refuses or neglects to pay his weekly dues, school and extra taxes for a longer period than thirteen weeks, shall have no right to vote, or to be a candidate for any office, and shall forfeit all benefits until all arrears are paid, after which he shall be out of benefits for three months thereafter."

The account (see *ante pp.* 566, 567) shows that Schwartz was charged for his thirteen weeks dues regularly, and on the 1st day of April he was debited with $86.81, and on the 7th of April 1856, one week thereafter, he paid $8, making his credits amount to $87, paying in full all his dues, and 18¾ cents over, leaving a payment in advance for three weeks, up to the 28th April 1856.

He was sick for some time thereafter, and **died on the**

25th of July 1856, less than thirteen weeks from the 28th April 1856. So that if he had been in arrear for weekly dues on 1st April 1856, as stated in the appellant's prayer, it was all paid up on the 7th April, and under the provisions of Article 10 of By-Laws, he would have been only suspended from benefits till July 7th, 1856, after which day he was in good standing as a "benefit member" till his next thirteen weeks dues were payable, on the 28th July 1856.

According to a true construction of the By-Laws of the Logan Tribe, the thirteen weeks dues were only chargeable at the expiration of the thirteen weeks, and then no suspension of benefits could occur till thirteen weeks thereafter, which would entirely free this case from all question whatever.

Schwartz was never suspended by any action of the Society, nor was the advance money paid on the 7th April returned to him, as would have been done if he had been suspended under Article 19 of the By-Laws of Logan Tribe, by which Article the right to pay in advance is recognized.

The cases of *Anacosta Tribe vs. Murbach,* 13 *Md. Rep.,* 91, and of *Vandyke's case,* 2 *Wharton,* 309, have no application to this case. There is nothing in the original Act of Assembly, or in the General or By-Laws of this Society, which prohibits suits at law by widows, to recover amounts contracted to be paid to them on the death of their husbands; there was no action taken by the Council, or any resolution, *pro* or *con.,* passed on the subject, nor was Schwartz suspended by resolution, or in any form, according to the proof.

Bowie, C. J., delivered the opinion of this Court:

The appellee, widow of Simon Schwartz, instituted suit against the appellant, to recover certain benefit dues which she claimed to be owing to her, as widow of the deceased,

under the Charter and By-Laws of the Society of which her husband was a member.

The defendant, the appellant, (after the evidence had been closed,) prayed the Court to instruct the jury, that if they believe from the evidence, Simon Schwartz, the appellee's husband, was, on the 1st of April 1856, in arrear for weekly dues to the Society for more than three months, and was also in arrear for other weekly dues for more than three months, at the time of his death, then the plaintiff is not entitled to recover, which instruction the Court refused, and the judgment being for plaintiff, the defendant appealed.

In the opinion of a majority of this Court, the defendant's prayer was based upon a correct construction of the Charter and By-Laws of the Association under which the plaintiff claimed. The payment of the dues referred to, being a condition precedent to the plaintiff's right to recover, whether the dues were in arrear or not, was a fact proper to be submitted to the jury, with the instruction prayed. The Court having refused the same, the judgment below should be reversed, and *procedendo* awarded.

*Judgment reversed, and procedendo awarded.*

(Decided May 5th, 1863.)