SCHUNCK VS. THE GEGENSEITIGER WITTWEN UND WAISEN FOND.

FORFEITURE OF INSURANCE MONEY. *(1) General rule as to forfeitures..
(2) Case stated: no forfeiture.*

1. Forfeitures will not be enforced except upon the clearest evidence that such is the meaning of the contract.
2. The constitution of the defendant corporation, "The Mutual Widows' and Orphans' Fund" (whose governing body or "directory" is elected by the several "groves" of the "United Ancient Order of Druids" in this state), declares that every member "whose assessment is not *paid by his grove to the directory* within thirty days after demand made, forfeits his claim" to have a certain sum in the nature of life insurance paid to his widow or heirs on his death. *Held,* that in view of all the provisions of such constitution, the benevolent object of the corporation, and the fact that the several "groves" are at least as much its agents to collect and pay over the dues of their members, as they are agents of the latter, in case of a member whose dues have been fully paid to his grove at the time of his death, the amount of insurance may be recovered, notwithstanding a *default of the grove* in paying over such dues to the defendant.

VOL. XLIV. — 24

APPEAL from the County Court of *Milwaukee* County.

This appeal was taken by the plaintiff from a judgment of the county court dismissing the complaint. The case is sufficiently stated in the opinion.

Briefs were filed, by *Cotzhausen, Smith, Sylvester & Scheiber* for the appellant, and by *Joshua Stark* for the respondent; and there was oral argument by *Mr. Cotzhausen* and *Mr. Stark.*

COLE, J. The plaintiff, as widow of Adam Schunck, deceased, brings this suit to recover from the defendant the sum of $800. She claims that her husband, at the time of his death, was a member in good standing of a grove (as it is called) of the order of Druids in Wisconsin, and, as such, was also a member of the defendant corporation. It appears that the defendant is a corporation organized and acting by the authority of the Grand Lodge of the United Ancient Order of Druids for this state. Its name indicates its character, being, as it is translated, "Mutual Widows' and Orphans' Fund." There are several groves of the order in the state, which united form the Grand Lodge, consisting of representatives of all the groves. The groves, as well as the defendant, for many purposes are under the jurisdiction of the Grand Lodge. The defendant was obviously organized to answer the ends, or serve the purpose, of a mutual life insurance company. Among the provisions of the constitution and by-laws adopted for its management, is one which provides that, on the death of a member, in good standing, there shall be paid to his surviving widow, or heirs, the sum of $800, as life insurance. The funds under the control of the defendant are made up chiefly of dues paid by members on admission into the order, and assessments levied upon and paid by the members on the death of a brother. The managing authority of the defendant is termed a directory, which is chosen by the groves from their members, each grove that has not more than seventy-

five members being entitled to one member in the directory, and to an additional member for each additional seventy-five, or fraction exceeding one-half that number. This directory conducts the whole management of the defendant; fixes the amount of the assessment to be paid by the members, on notice of the death of a brother; issues, through its corresponding secretary, to all the groves, a demand of payment of such assessments; and also determines whether the claims of the survivors of the deceased are just. Every member of a grove is obliged to contribute to the fund by paying his admission fee and assessments, and is entitled to participate in its benefits. The admission fees and assessments are paid by the members to their respective groves; the groves paying over all dues to the directory within thirty days after demand. There is also a provision of the constitution which reads, that " every one whose assessment is not paid by his grove to the directory within thirty days after demand made, forfeits his claims to the insurance sum, and he is not restored to his rights until thirty days after payment of all arrears is made." Section 4, art. 5. In the case before us, it is a conceded fact that the deceased, Adam Schunck, had paid all assessments levied by the defendant, and all lawful dues, to his grove, but the grove had not paid over the same to the directory according to the requirements of the constitution and by-laws. And the question in the case is, what effect this default of the grove must have on the rights of the plaintiff, or liability of the defendant. Does it release the defendant from its obligation to pay the stipulated amount of insurance, because a forfeiture has been incurred?

On the part of the plaintiff it is contended that, inasmuch as Adam Schunck was at the time of his death in good standing in his grove, and had paid all dues and assessments to his grove, including assessments for the benefit of the insurance fund, the rights of the plaintiff, as his widow, in that fund, were not forfeited by the neglect or failure of his grove to pay

over for him to the directory. In other words, it is said that the grove must be considered as the agent of the defendant in collecting and remitting the assessments, and that payment to the grove must be deemed a payment into this fund by the assured. We are inclined to hold that this view of the matter is in the main correct. At the same time, it must be confessed that it is difficult to place a construction upon the constitution and by-laws which will entirely reconcile all provisions, and render them consistent and harmonious. This difficulty in the construction may arise from the fact that the constitution and by-laws were written in German, and the translation given us may not accurately express, in English, the real meaning of the words used. However that may be, certain it is, if we look at all the provisions of the constitution and by-laws, and construe them in view of the benevolent character of the corporation, we can hardly believe the intention was, that a member who has paid all dues should forfeit his rights in the fund because of a default of his grove, for whose acts he was in no way responsible. When the member paid his assessments and dues to his grove, he had done all he could to prevent a forfeiture. The grove was the machinery provided for collecting and remitting such assessments to the directory. The grove was no more the agent of the members to collect and remit, than it was the appointed agent of the defendant to perform that duty. Moreover, we are to bear in mind that it is a settled principle that forfeitures are not favored, and are enforced only where there is the clearest evidence that this is the meaning of the contract. *Hull, Adm'r, v. The Northwestern Mut. Life Ins. Co.*, 39 Wis., 397. The grove admits the member, collects his admission fee and all assessments levied upon him, and virtually acts for the defendant in making the insurance contract. And, if not strictly the agent of the defendant in these matters, it was surely the machinery devised to collect for the defendant all assessments. The provisions of the constitution and by-laws which consti-

tute the contract should receive no technical construction in aid of forfeitures. This would be contrary to the spirit and benevolent object of the order. Consequently we hold that the default of the grove to pay over to the directory the moneys received by it from the husband of the plaintiff did not work a forfeiture. The case is peculiar in its circumstances, and has to be determined rather upon general principles as applicable to the constitution and by-laws, than upon any single provision. The constitution and by-laws are so inartistically drawn, that, as we have already said, it is difficult to give them a very consistent interpretation.

*By the Court.* — The judgment of the county court is reversed, and the cause remanded for a new trial.

A motion by the appellant for a rehearing was denied.

COLE, J. The counsel for the appellant moves for a rehearing for the purpose of obtaining a modification of the order of this court reversing the judgment and directing a new trial. He insists that the special verdict found upon all disputed questions of fact, and that upon this verdict, therefore, the plaintiff was entitled to judgment without further trial. The jury found, in answer to questions submitted, that the plaintiff's husband, at the time of his death, had paid all assessments made by the defendant, and all his lawful dues to his grove; and that the grove failed to pay over these assessments to the defendant. The bill of exceptions contains also this statement: " It was shown and conceded on the trial, that on the 8th day of October, 1876, Teutonia Grove No. 8, in open session, took official notice of the death of its deceased brother and charge of his funeral; that, believing him to be in arrear and not in good standing in his grove, the grove failed to issue and transmit to the defendant the customary notice of death; that the defendant, however, had actual knowledge of the death and the claims of the survivors upon the insurance

fund, demand in that behalf being made upon the defendant's treasurer and financial secretary on the 1st day of November, 1876." Now, it being conceded that this notice in regard to the death of Schunck was given, or acquired, and acted upon as above stated and set forth, the question arises, Was not the plaintiff entitled to judgment upon the verdict, and should not the order of this court be modified as requested? It seems to us that this modification should be made. For upon the facts found in the special verdict, when considered in connection with what was shown or conceded on the trial, the plaintiff was entitled to judgment. This being so, there would not seem to be any reason for granting another trial, because every question affecting the plaintiff's right to recover has been settled in her favor after a full investigation. The judgment of this court, therefore, will be so modified as to direct the court below to give judgment for the plaintiff according to the prayer of the complaint. There is no necessity for a rehearing of the cause to accomplish the object of the motion made; it will therefore be denied, without costs except clerk's fees, as was done in *Winslow v. Crowell*, 32 Wis., 662.

The learned counsel for the respondent has submitted a very able and elaborate argument, not in opposition to the motion, but insisting that a rehearing of the cause is demanded— not to correct any error in the judgment prejudicial to the appellant— but for the purpose of a reëxamination of the whole case, and a total change of our decision. He claims that we have utterly misapprehended the meaning and effect of the contract, and that we have placed an erroneous construction upon the constitution and by-laws which measure and determine the rights and liabilities of the parties. We have carefully considered this argument, but find nothing in it which changes the views we have expressed in the opinion filed. In combating our decision, the counsel has gone over very much the same field of discussion he did in his argument at the bar, but fails to present any new view of the case which should lead to a change

Schunck vs. The Gegenseitiger Wittwen und Waisen Fond.

of our decision. It is freely admitted that it is difficult to give the constitution and by-laws a consistent interpretation. But upon the fundamental and controlling question, whether the failure of the grove to pay over to the defendant the assessments which it has received from its members works a forfeiture of the contract, we entirely disagree with him. He argues that the member is responsible for the delinquency of his grove, over which he has no control; that the default of the grove in paying over affects the member who has paid all assessments made by the defendant, the same as if the member himself was in default. We cannot put that construction upon the constitution and by-laws. We adhere to the view that the grove is no more the agent of the member to collect and remit the assessments than it is the agent of the defendant to do these very acts. The constitution and by-laws certainly contain the contract which was entered into by the parties. The grove surely acts for and represents the defendant in making the contract with the member, unless we adopt as correct the idea or conclusion resulting from the counsel's position, namely, that the member, by some one-sided arrangement, makes a contract with himself through his own agent. It seems to us that any such position as that the grove is the sole agent of the member in effecting the insurance or collecting the assessments, is untenable. This disposes of all questions as to notice of the death of plaintiff's husband. It appears that the grove took official notice of his death. It should undoubtedly have issued and transmitted to the defendant the customary notice according to the rules of the company. But the defendant had actual knowledge of the death and the claims of the survivors upon the insurance fund. Consequently the default of the grove to give the proper notice cannot defeat the plaintiff's right of recovery. In excuse of the failure of the grove to give the proper notice, it should be added that the grove was under a mistake as to Schunck's standing as a member.

Erdmann vs. The Mut. Ins. Co. of the Order of Herman's Sons of Wisconsin.

*By the Court.* — The judgment herein must be modified as requested by the appellant's counsel, and the motion for a rehearing is denied.