Van Houten *v.* Pine.

FRANCES L. VAN HOUTEN

*v.*

WILLIAM E. PINE et al.

The widow of a member of a voluntary, mutual life insurance association, claiming that as such widow she was entitled to receive from the association $1,000 insurance on the death of her husband, filed a bill against two defendants, one the president and the other the secretary and treasurer, to compel payment of the insurance-money from the funds in their hands, or that the court might compel them to raise the sum by an assessment of the members. The bill further alleged that the decedent had, on account of his illness and through the mistake of a director of the association, to whom he had given the money, failed to pay an assessment levied on him within the time limited by the by-laws, and that his name had been stricken from the association for that reason, and without serving upon him a second notice to make such payment, as required by the by-laws, before he could be removed. Demurrer overruled, and—*Held,*

(1) That as it did not appear from the bill that there would be any occasion to make an assessment (it appeared by a printed statement in a copy of the by-laws put in by the defendants on the argument of the demurrer, that the association was in possession of ample funds to pay the $1,000), it was unneces-

sary to decide whether the court had the power, in a proper case, to order an assessment to be levied on the members for such purpose.

(2) That the defendants were competent, as the officials of the association, to protect its rights, and that to require the joinder of all the members of the association as parties was impracticable and unnecessary.

(3) That impertinent matters might, under the two hundred and tenth rule, be struck out of the bill.

Bill for relief.  On general demurrer.

*Mr. Borcherling*, for demurrants.

*Mr. Hassell*, for complainant.

THE CHANCELLOR.

The complainant, widow of James H. Van Houten, deceased, brings suit against an unincorporated society named The Masonic Mutual Life Insurance Company, of which her husband was, at one time, a member. The company is a voluntary association located in this state, and its object is, as its name imports, mutual life insurance. Its members are freemasons, of the de-

NOTE.—Courts of equity have jurisdiction over unincorporated, voluntary associations where pecuniary rights of the members are involved, *Thomas* v. *Ellmaker, 1 Pars. Eq. 98; Adley* v. *Whitstable Co., 17 Ves. 316; Lyman* v. *Bonney, 101 Mass. 562; Olery* v. *Brown, 51 How. Pr. 92; Nachtrieb* v. *Harmony Settlement, 3 Wall. Jr. 66;* see *Dolan* v. *Court, 128 Mass. 437; Lamphere* v. *Grand Lodge, 47 Mich. 429; Babb* v. *Reid, 5 Rawle 151; Berry* v. *Cross, 3 Sandf. Ch. 1.*

The members are jointly and severally liable to pay benefits, *Protchett* v. *Schaefer, 11 Phila. 166; Payne* v. *Snow, 12 Cush. 444; Miller* v. *Georgia Masonic Co., 57 Ga. 221; Henry* v. *Jackson, 37 Vt. 431;* but a *mandamus* to compel an assessment on the members will not lie, *Burland* v. *Mutual Ben. Assn., 47 Mich. 424.*

Recourse to law cannot be had where no pecuniary rights are involved, *Thompson* v. *Soc. of Tammany, 17 Hun 305; White* v. *Brownell, 2 Daly 329; Bauer's Appeal (Pa.), 13 Alb. L. J. 218.*

If the charter and by-laws provide a mode of expelling or suspending a member, the proceedings of the association, if in conformity therewith, are conclusive, *Com.* v. *Pike Soc., 8 Watts & Serg. 247; Chamberlain* v. *Lincoln, 129 Mass. 70; Grosvenor* v. *United Soc., 118 Mass. 78; Burton* v. *St. George's Soc., 28 Mich. 261; Burt* v. *Grand Lodge, 44 Mich. 208; Society* v. *Com., 52*

Van Houten *v.* Pine.

gree of master mason. The maximum number of members is one thousand two hundred. On the death of a member, each surviving member is required to pay into the treasury, on ten days' notice, $1. The by-laws provide for a second notice, if payment be not made on the first, in which case the delinquent is required to pay, instead of $1, $1.10; and in case of non-payment in ten days after the second notice, his name is to be erased from the roll of members, and he is to forfeit all claims on the company; but the board of directors may re-instate him, if he is apparently in good health, on his giving a satisfactory excuse for his default and paying all assessments up to the date of re-instatement. The treasurer is, within thirty days after notice of the decease of a member, to pay to the widow or family of the decedent, or to the person to whom the decedent may have directed payment to be made, $1,000. According to the bill, Van Houten was a member of the company. Shortly before his death he received notice to pay an assessment, and six days from the time when he received the notice (he being then confined to his house by illness), he offered to pay the assessment to one of the directors, who then

Pa. St. 125; Troy Factory v. Corning, 45 Barb. 231; or, at least, must be exhausted before resorting to courts of law, Ellison v. Bignold, 2 Jac. & W. 503; Carlen v. Drury, 1 Ves. & B. 154; Lafoud v. Deems, 81 N. Y. 507; Olery v. Brown, 51 How. Pr. 92; see Austin v. Searing, 16 N. Y. 112; Leech v. Harris, 2 Brews. 571; Savannah Exchange v. State, 54 Ga. 668; Kelsall v. Tyler, 34 E. L. & Eq. 588.

If the association tribunals decide against a claim for benefits, the claimant cannot recover at law, Toram v. Howard Assn., 4 Pa. St. 519; Anacosta Tribe v. Murbach, 13 Md. 91; Blacksmiths Soc. v. Van Dyke, 2 Whart. 390; Osceola Tribe v. Schmidt, 57 Md. 98; see Dolan v. Court, 128 Mass. 437.

The provisions of the charter and by-laws of the association as to the manner in which the funds may be acquired or disposed of, bind the members, Vollman's Appeal, 92 Pa. St. 50; St. Patrick's Soc. v. McVey, 92 Pa. St. 510; Breneman v. Franklin Assn., 3 Watts & Serg. 218; Folmer's Appeal, 87 Pa. St. 133; McCabe v. Father Matthew Soc., 24 Hun 149; Torrey v. Baker, 1 Allen 120; Fugure v. Mutual Soc., 46 Vt. 362; Weil v. Trafford, 3 Tenn. Ch. 108; McClure v. Johnson, 56 Iowa 62; Worley v. Northwestern Assn., 10 Fed. Rep. 227; Hyde v. Woods, 94 U. S. 523; Arthur v. Odd Fellows Assn., 29 Ohio St. 557; Catholic Assn. v. Priest, 46 Mich. 429; Ballou v. Gile, 50 Wis. 614; Kentucky Mut. Ins. Co. v. Miller, 13 Bush 489; Bolton v. Bolton, 73 Me. 299:

Van Houten v. Pine.

called on him on a visit of sympathy, but the director declined to receive it; at the same time, however, he told him to give himself no trouble about the matter, and assured him that he would pay the assessment for him immediately. The director did not tender the money for him until one day after the expiration of the ten days, when the treasurer refused to receive it. Subsequently, when Van Houten learned (which was within two days from the refusal) that the tender had been made out of time, and that the treasurer had refused to receive the money, he gave the amount to the same director, and requested him to tender it again, which he did, with like result. Van Houten afterwards applied for re-instatement, but without success. The bill alleges that he never received but one notice, while, by the by-laws, he was entitled to two, and, by custom, to a third. It claims that the offer of the money to the director was a compliance with the requisition of the by-law, and that if Van Houten's name was stricken from the roll of members, it was, under the circumstances, done unjustly. The bill is filed against William E. Pine, president, and Charles H. Ingalls, secretary and treasurer, of the company, and "twelve hundred other copart-

As a forfeiture of benefits where the member dies from intemperance, debauchery, etc., *St. Mary's Soc.* v. *Buford,* *70 Pa. St. 321;* or he has been expelled, *Blacksmiths Soc.* v. *Van Dyke,* *2 Whart. 390;* see *Gorman* v. *Russell,* *14 Cal. 531 ; State* v. *Williams,* *75 N. C. 134; Diligent Fire Co.* v. *Com.,* *75 Pa. St. 291;* or where such member's claim has been forfeited for non-payment of dues, *MacDowell* v. *Ackley,* *93 Pa. St. 277 ; Benevolent Soc.* v. *Baldwin,* *86 Ill. 479 ; Logan Tribe* v. *Schwartz,* *19 Md. 565; Card* v. *Carr,* *1 C. B. (N. S.) 197; Pritchard* v. *Merchants Soc.,* *3 C. B. (N. S.) 621; Mutual Soc.* v. *Lowry,* *84 Pa. St. 43;* see *Com.* v. *Penn. Ben. Soc.,* *2 Serg. & R. 141; Acey* v. *Fernie,* *7 M. & W. 151;* unless such forfeiture has been waived, *Protection Ins. Co.* v. *Foote,* *79 Ill. 361; Benevolent Soc.* v. *Baldwin,* *86 Ill. 479 ; Schunck* v. *Gegenseitiger Fund,* *44 Wis. 369 ; Erdmann* v. *Mut. Ins. Co.,* *Id. 376 ; Mound City Ins. Co.* v. *Twining,* *19 Kan. 349 ;* or the claim has been voluntarily abandoned by the member's withdrawing from the association, *Danbury Band* v. *Bean,* *54 N. H. 524; Gaseley* v. *Separatists Soc.,* *13 Ohio St. 144; Schriber* v. *Rapp,* *5 Watts 351;* see *Cox* v. *Bodfish,* *35 Me. 302 ; Berlin* v. *March,* *82 Pa. St. 166 ; Driscoll* **v.** *Lewiston Soc.,* *59 Me. 474.*

As to what allegations and proofs are requisite, *Beneficial Soc.* v. *White, 1 Vr. 213 ; Irish Assn.* v. *O'Shaughnessey,* *76 Ind. 191 ; Curtis* v. *Mutual Ben. Co.,* *48 Conn. 98 ; Fairchild* v. *Ins. Assn.,* *51 Vt. 613.*—REP.

Van Houten *v.* Pine.

ners, as The Masonic Mutual Life Insurance Company." It prays a decree that they pay the $1,000 to the complainant, with interest and costs; that all proceedings taken by the company to annul the contract between Van Houten and them may be declared void, and also all the proceedings on the refusal to re-instate; that at his death he was entitled to all the benefits of full membership, and that the complainant is entitled to' receive, up to the sum of $1,000, the assessments payable by the surviving members on the death of a member, and that if the company has not sufficient funds to pay the complainant's claim, with interest and costs, the proper officers may be ordered to raise the money by an assessment on the surviving members. There is also the prayer for general relief. The defendants, Messrs. Pine and Ingalls, demur. The demurrer assigns, for causes, want of equity and want of parties. On the argument, objection was also made to the bill for impertinence.

The Masonic Mutual Life Insurance Company is not a corporation; it is a voluntary, friendly life insurance society. Equity takes cognizance of the affairs of such associations and grants relief by treating them as partnerships, or by looking into the scheme and compelling conformity to it, or reforming it and enforcing it; or if the plan is deemed impracticable, decreeing a dissolution and distributing the funds; and speaking generally, it redresses, as far as it can, the grievances of the members of these societies who complain to it of -injustice affecting their pecuniary interests therein. *Pearce* v. *Piper, 17 Ves. 1 ; Buckley* v. *Cater, 17 Ves. 15 ; Beaumont* v. *Meredith, 3 Ves. & B. 180 ; Wordsworth on Joint Stock Companies 186, 187.* In the case in hand (though it is not stated in the bill to be so) the company, as appears by the copy of the by-laws put in on their part on the argument, has a very large accumulated surplus fund, amounting to over $20,000. Apart from that admission, and looking at the statements of the bill alone, it does not appear that the company has not a fund out of which the complainant may be paid. It is, therefore, unnecessary now to consider whether the court would, if there were no other means, order payment through an assessment on the members. It is enough to say that

Van Houten v. Pine.

it is not an absolute, certain and clear proposition that the bill would be dismissed for want of merits on the hearing. The objection on the ground of want of equity, cannot be sustained, therefore.

As to want of parties : Only two of the members (one of them is the president, and the other the secretary and treasurer) are made parties to the bill. To require the complainant to make all the other members parties, would practically be so obstructive as substantially to put an end to the suit. But the practice of this court does not require it. In a suit in equity against an unincorporated company of numerous members to enforce a right against the whole body, it is not necessary to make all the members parties, but it is enough if so many be made parties as to insure a fair and honest trial. *Story's Eq. Pl.* § *107.* Here, though only two of the members are made parties, they are the persons who hold the offices of president and secretary and treasurer, and are manifestly enough to insure a fair trial of the matter in dispute.

Those parts of the bill which state the supposed circumstances of two alleged attempts to assassinate Van Houten, and suggest that his death was the result of another, are impertinent. The bill does not charge or suggest that the company, or any of its members, had any connection with those transactions, or are in anywise responsible therefor. They have no relevancy whatever to the subject of the suit. On the argument the objection of the impertinence of this matter was discussed by the counsel of both sides, and was submitted to the judgment of the court. The subject will be dealt with under the two hundred and tenth rule, and the matter struck out. The demurrer will be overruled, with costs.