ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN
LEGION OF HONOR.

DOLEAC'S CLAIM.
STONE'S CLAIM.
BULLOCK'S CLAIM.
SKINNER'S CLAIM.

Suffolk. March 18, 22, 1910. — May 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Fraternal Beneficiary Corporation. Equitable Estoppel. Equity Jurisdiction,*
*Laches.*

A fraternal beneficiary corporation, in order to avert impending insolvency, adopted in good faith a by-law, which afterwards was held to be invalid, cutting down the amount of the death benefit to be paid under its outstanding certificates. A member knew of the provisions of this by-law and paid assessments under it on the reduced amount, without protest, during a period of five

months and a half, and then died. About five months later the beneficiary was paid $1,900 in discharge of a certificate for $3,000, and as part of the transaction surrendered his certificate for cancellation, but gave no release. Nearly three years later the beneficiary brought an action for the balance of the death benefit. Upon these facts the beneficiary presented a claim for the alleged balance to the receiver of the property of the corporation appointed under R. L. c. 119, § 19, to settle its affairs, and contended that he was entitled to share in an emergency fund in the hands of the receiver. It was admitted, that, during all the period of time which elapsed from the death of the member and from the date of the settlement down to the time of the bringing of the action, about three years later, the corporation continued to do business, levied assessments, admitted new members and made reports to the insurance department, all upon the basis that the liability which existed upon the certificate was for the reduced amount and had been discharged by the settlement. *Held*, that on equitable grounds, analogous to those on which the doctrine of laches is founded, the claim of the beneficiary to share in the equitable fund was barred, and should be disallowed.

Upon the question whether a member of a fraternal beneficiary corporation acquiesced in a by-law, which was adopted by the corporation in good faith and afterwards was held to be invalid, a protest made by the member to the collector of the local council is not a protest to the corporation.

LORING, J. Doleac's claim (claim 146) is another of the seventeen appeals from the decree of the single justice dated October 29, 1909. See *Attorney General* v. *American Legion of Honor* (*Hall's Claim*), *ante*, 158.

In this case the member died on March 14, 1901, having paid assessments on the reduced amount for five months and a half, " without protest," as " on a certificate of two thousand dollars ($2,000)." On August 23, 1901, the beneficiary was paid $1,900 in discharge of a certificate for $3,000,* and as part of the transaction surrendered his certificate for cancellation. On July 20, 1904, an action was brought for the balance of the death benefit.

On the facts of this claim we do not think that we ought to find (as we did in *Dunlavy's Claim*) that the fund which the beneficiary seeks to share in would not have been in existence on March 14, 1901, when the member here in question died, had it not been for by-law 55 and the acquiescence of the members generally in it, including the member under whom the beneficiary claims. Although there is abundant reason for a conjecture that this is so, we think on the whole that it does not rise higher than conjecture.

But it is admitted in this case " that the order continued to

---

* This amount is so stated in the copy of the receiver's report which was before the court.

do its business, levied assessments, admitted new members, making its reports to the insurance department during all the period of time which elapsed between the date of the death of the member and the date of the settlement with the beneficiary, down to the bringing of the suit, three years thereafter, on the basis that the liability which existed under said certificate was for two thousand dollars ($2,000), and that this liability had ceased upon the settlement as above set out," and we think that this claimant is thereby barred.

It has been contended with great insistence that for one reason or another the settlement made is a settlement which, if it had to be set aside, equity will set aside, and therefore that the beneficiary should not be prejudiced by its having been made. The case of *Simon* v. *American Legion of Honor*, 91 App. Div. (N. Y.) 390, affirmed on the opinion below in 181 N. Y. 578, has been urged upon us as an authority to that effect. In that case a settlement was set aside on the ground that it was procured by fraud. The fraud consisted in the defendant's agent telling the beneficiary's attorney " about there being a law that they had made that there should not be more than two thousand dollars paid on any policy." It appeared that the judgment of the trial court in *Langan* v. *American Legion of Honor*, 70 N. Y. Supp. 663, was served on the defendant's attorney and mailed to the defendant in Boston on May 4, 1901, nearly a month before the settlement there in question was made. It was held that by-law 55 " had been as effectually annulled " by the decision of the trial court " as though it had been expressly repealed by the corporation itself." It seems to be going a good way to give such finality to the decision of a trial court which is open to review in two appellate tribunals. See *Langan* v. *American Legion of Honor*, 69 App. Div. (N. Y.) 616, and *S. C.* 174 N. Y. 266. But we do not have to come to a determination on that point, for we assume for the purposes of this discussion that if a settlement had been made between the corporation and a beneficiary on the basis of there being no question as to the validity of by-law 55, it would have been set aside promptly if the steps necessary to that end had been taken. It may be that such a case comes within *Livingstone* v. *Murphy*, 187 Mass. 315. No question was made in *Simon* v. *American Legion of Honor*,

91 App. Div. (N. Y.) 390 ; *S. C.* 181 N. Y. 578, on that ground. It appeared in that case that the member died on January 1, 1901, and that the settlement was made on June 1 of the same year. When the action to set aside the settlement was brought does not appear. Judgment setting it aside was entered on April 15, 1903.

In the case at bar no release was given, and the settlement is not a bar to an action on the certificate. For that reason the beneficiary in this case stands better than in a case where the settlement made is binding and has to be set aside.

But as we said in *Dunlavy's Claim*, *ante*, 168, this is not an action at law against the corporation. Neither is it a proceeding in the nature of an action at law against it. -It is a claim to share in a trust fund which this member for five and a half months during his life, and this beneficiary for nearly three years after his death, have allowed other persons to acquire interests in on the basis of the by-law's being valid. It is impossible now to unravel the respective rights of this beneficiary on the one hand, and on the other hand of old members who may have been induced to keep on because of the acquiescence generally of members in the by-law, and of new members who have joined on that basis.

The period during which the member acquiesced in the validity of the by-law added to that in which the beneficiary acquiesced after his death amounts to twenty days more than three years and nine months.

When we consider the acquiescence of the member to the change in the contract, without protest, and the effect of this acquiescence and of the settlement with the beneficiary, and of his subsequent acquiescence for a long time upon the rights of those who paid assessments on the new basis and, by so providing the corporation with funds to pay liabilities which otherwise would be paid out of the emergency fund, preserved the existence of that fund, we think that equities analogous to those upon which the doctrine of laches is founded prevent the allowance of this claim. This claim was properly disallowed.

*Decree affirmed.*

In STONE'S CLAIM (claim 154), the member paid " without protest " reduced payments for about nine months, and died on

July 15, 1901.   The beneficiary was paid $1,900 on October 11, 1901, and nothing further was heard from her until July 20, 1904. The combined period of acquiescence is the same as in *Doleac's Claim.*    *Decree affirmed.*

In BULLOCK'S CLAIM (claim 145), the member died on July 14, 1901, after having paid " without protest," for a period of nine months, reduced assessments (twelve in all).  On October 25, 1901, the beneficiary was paid $1,900 and nothing was heard from her until May 19, 1904.  The combined period of acquiescence in this case is but two months shorter than that in *Doleac's  Claim.*    *Decree affirmed.*

In SKINNER'S CLAIM (claim 166), the member died on December 17, 1901, after having paid for a period of one year and two months assessments on the reduced amount (twenty-one in all), and on June 18, 1902, a draft for $2,000 was accepted and the certificate was surrendered.   Nothing was heard from the beneficiary until May 5, 1904, when an action was brought in which the beneficiary asked for the difference between $5,000 and $2,000, or a return of the premiums paid.   It appears that the member made a protest to the collector of the local council. That was not a protest to the defendant corporation.  See *Dreyfus's Claim, post,* 180.   The single justice found that the member knew of the by-law.  We confirm that finding.  The combined period of acquiescence was but two months and a half shorter than that in *Doleac's Claim.*    *Decree affirmed.*

*H. A. Wyman,* receiver, *pro se.*

*S. C. Bennett,* (*L. C. McBride* of Texas with him,) for the claimants, Doleac, Stone and Bullock.

*S. C. Bennett,* for the claimant Skinner.

*J. J. Higgins & A. L. Goodwin,* for the members in good standing.