ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN
LEGION OF HONOR.

DREYFUS'S CLAIM.
JOHNSON'S CLAIM.

Suffolk.    March 18, 22, 1910. — May 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Fraternal Beneficiary Corporation.*

The relation of a local council of a fraternal beneficiary corporation to the corpo-
ration described by LORING, J.

Upon the question whether a member of a fraternal beneficiary corporation acqui-
esced in a by-law reducing the amount to be paid for death benefits, which was
adopted by the corporation in good faith and afterwards was held to be invalid,
a protest against the reduction of the amount to be paid under his certificate
made by the member to the collector of his local council, or even to the local
council itself, is not a protest or a notice of a protest to the corporation.

LORING, J.   Dreyfus's claim (claim 144) is another of the seven-
teen appeals from the decree of October 29, 1909.   See *Attorney
General* v. *American Legion of Honor* (*Hall's Claim*), *ante,* 158.

In this case the member died on June 9, 1903, after having
paid "without protest (except as hereinafter noted)" assess-
ments of the reduced amount for two years and eight months
(forty-eight in all).   The collector of the Arkansas council
states in his affidavit that the member "protested to me vigor-
ously against the attempted reduction of his policy and sought
to be permitted to continue to pay assessments as on a $3,000
basis, but I could not and did not permit him to do so, as I had
received instructions from the order not to do so."

This raises the question whether protest to the local collector
is in law protest to the defendant corporation, and we are of
opinion that it is not.

The defendant is a fraternal beneficiary corporation whose
business is conducted "on the lodge system" within R. L. c. 119,
§ 1.   It is forbidden by R. L. c. 119, § 16, to employ paid agents
in soliciting and procuring business.

That is to say, fraternal beneficiary corporations like the de-
fendant do not employ paid agents to do the local business.   In
place of doing so, such corporations let the local members in

each locality do the local business for themselves. For that purpose the corporation grants to local members a charter as a subordinate or local lodge or council. The local council elects and pays its own officers. The local council and its officers paid by the local council do the local work which otherwise would be done by the corporation through its agents. The local council procures applications for membership, collects and remits to the corporation the assessments due from the members to the corporation, and makes payment of death benefits by delivering the draft of the corporation forwarded for the purpose on receiving from the beneficiary the papers prescribed by the corporation. The purpose of this method of conducting business by fraternal beneficiary corporations apparently is to make the cost of death benefits less than the cost of life insurance. In life insurance the company is at expense in doing the work done by the local councils of fraternal beneficiary corporations, and that expense is included in the premiums paid by the insured. These expenses are not altogether saved in case of fraternal beneficiary corporations. There is expense in procuring new members, collecting assessments and paying death benefits. That expense however is not incurred by the corporation in case of fraternal beneficiary associations, but by the local lodge or council which (as we have said) elects and pays its own local officers. These expenses therefore are not paid by the corporation, nor are they included in the assessments, but they are borne by the members themselves organized as local councils and electing and paying their own officers. The councils, therefore, are co-operative subordinate organizations which attend at their own expense to their own local affairs and the affairs of the members of the corporation belonging to the respective local councils with the corporation. Although a new member in the first instance must apply for membership to the local council and his application must be acted upon favorably by it before it is presented to the corporation, it is for the corporation itself to determine whether he shall or shall not become a member of the corporation. The certificate making him a member is issued by the corporation and is in terms and in law (*Newhall* v. *American Legion of Honor*, 181 Mass. 111) a contract between the corporation and the member. The distinction between membership in a subordinate coun-

cil and membership in the corporation is recognized in R. L. c. 119, § 2, and throughout the by-laws of the defendant corporation, in a number of instances referred to in the report on which this case is submitted. The most striking of these is that on the dissolution of a local council a member in good standing does not cease to be a member of the corporation but can become affiliated with another local council or become a member at large. See By-Laws, (1881 ed.) law 9, § 8, and (1903 ed.) § 63.

There seems to be some conflict in the decisions on questions like this. See Bacon, Benefit Societies, (3d ed.) § 434 a. We do not find that the decisions in *Henry* v. *Order of United Friends*, 7 Dick. 770, *Schunck* v. *The Gegenseitiger Wittwen & Waisen Fond*, 44 Wis. 369, *Wagner* v. *Knights of Honor*, 128 Mich. 660, and *Knights of Pythias* v. *Withers*, 177 U. S. 260, relied on here, are to the contrary.

Doubtless the local collector is a special agent to whom assessments may be paid. We are of opinion that notice to a local collector, or even to a local council, is not notice to the defendant corporation.

It follows that Dreyfus did not preserve his rights by the protest which he made to the local collector, and this case comes within *Dunlavy's Claim, ante,* 168.                       *Decree affirmed.*

In JOHNSON'S CLAIM (claim 165), the member died on April 8, 1903, after having paid "without protest, — except as noted in paragraph 8, — " for a period of two years and six months, assessments (forty-four in all) of the reduced amount. There is nothing in paragraph 8 beyond a statement that the member did not pay assessments of the original amount because the local officers would not accept them. That is not enough to preserve his rights against the defendant corporation as one who protested against the reduction made by by-law 55 within *Dreyfus's Claim;* and therefore the case comes within *Dunlavy's Claim, ante,* 168.

*Decree affirmed.*

*H. A. Wyman,* receiver, *pro se.*

*S. C. Bennett,* (*L. C. McBride* of Texas with him,) for the claimant Dreyfus.

*L. M. Friedman,* for the claimant Johnson.

*J. J. Higgins & A. L. Goodwin,* for the members in good standing.