ATTORNEY GENERAL *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR.

HACKETT'S CLAIM.

Suffolk.    January 5, 1911. — January 9, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Fraternal Beneficiary Association.*

The decisions of this court previously made in *Skinner's Claim*, in *Doleac's Claim* and in *Dreyfus's Claim* in the case of *Attorney General* v. *American Legion of Honor*, reported in 206 Mass. 175, 180, here were affirmed, and the principles settled by those decisions were applied to a claim, filed later under a special interlocutory decree, presenting similar facts.

PETITION, filed on June 13, 1910, in the suit of *Attorney General* v. *American Legion of Honor*, previously before this court in cases reported in 196 Mass. 151, and 206 Mass. 131, 158, 168, 175, 180, 183, 186, 188, 190, 193, the petitioners in the present claim being the same persons who were the plaintiffs in the suit in equity reported in 206 Mass. 139. It there was decided, on May 19, 1910, that the plaintiffs were entitled to a decree, but that the only decree that could be entered was one that the corporation should make the payment to the plaintiffs, the plaintiffs having proceeded with their suit after the appointment of a receiver instead of becoming intervening petitioners in the receivership suit.

On June 27, 1910, *Sheldon*, J., made an interlocutory decree in the receivership suit permitting the petitioners on or before September 15, 1910, to file and establish before the receiver a claim to share in the assets in his hands as of May 1, 1905, to be determined in accordance with the decisions of this court made on May 24, 1910, subject to certain terms and conditions as to the amount to be allowed, without interest, and as to deductions and taxable costs.

On December 21, 1910, the receiver filed a report in regard to the proof of the claim under the interlocutory decree.

On December 24, 1910, *Braley*, J., at the request of the petitioners, reserved the case for determination by the full court, upon the petition, the interlocutory decree thereon, and the report of the receiver, which it was agreed should be treated as an agreed statement of facts under the interlocutory decree.

The case was submitted on briefs.

*H. A. Wyman*, receiver, *pro se.*

*L. Sullivan & F. W. Bacon*, for the claimants.

LORING, J. The question of the petitioners' right to share in the emergency fund is an altogether different question from their right to a judgment against the corporation. *Attorney General* v. *American Legion of Honor (Dunlavy's Claim)*, 206 Mass. 168, 172. The petitioners established their right against the corporation in the case before this court in *Hackett* v. *American Legion of Honor*, 206 Mass. 139. The purpose of the present petition is to establish their right to share in the emergency fund, for that is the only fund in the hands of the receiver.

James P. Hackett, the member under whom the petitioners claimed, paid two assessments of the reduced amount and died on November 26, 1900. The petitioners took $1,900 in settlement of their claim and surrendered the certificate for cancellation on April 4, 1901. The $1,900 was not received by the petitioners under protest, and the corporation received no notice from the petitioners that they claimed that they were entitled to the larger sum until the suit against the corporation (which we have already spoken of) was begun on April 16, 1904. The combined period of acquiescence is less than a month shorter than that in *Skinner's Claim*, 206 Mass. 175, 179. The case at bar is governed by that case and *Doleac's Claim*, 206 Mass. 175.

The petitioners seek to escape from this result in several ways. In the first place they point out that Hackett was ill during the month and twenty-six days during which he lived after the invalid by-law went into effect. But it is apparent that although ill in body his mental capacity was not impaired. They say in the second place that Hackett made a tender. But the tender made by him was made to the treasurer of the local council, and that is not a tender to the corporation. *Dreyfus's Claim*, 206 Mass. 180. Lastly they say that when Hackett surrendered his policy to be exchanged for a $2,000 policy under the invalid by-law it was returned to him after October 1 and thereby the defendant waived its rights to cut down this policy. But that is not so. The policy was surrendered in August and was returned then because the by-law was not to go into effect until October. Manifestly this was done to preserve the right of the beneficiaries named in that policy to the larger sum in case Hackett died before October 1 when the new by-law was to go into effect.

Under the terms of the interlocutory decree under which this belated petition was allowed to be filed, the entry must be

*Bill dismissed with costs.*