The Knights of the Golden Eagle, an unincorporated national fraternal association, is represented in Plainfield by Freedom Castle, No. 42, Knights of the Golden Eagle, chartered by the Grand Castle, the state body, under the authority of the Supreme Castle, the national organization. The Grand Castle has exclusive jurisdiction over all local castles in the state; enacts their laws; issues, suspends and forfeits their charters; hears their appeals and redresses their grievances and generally supervises their affairs. Included in the benevolent objects of the order is the payment of sick and death benefits to members.
Allen, the principal defendant, was one of the organizers of Freedom Castle and for a time its most helpful as well as domineering spirit. Not unusual, when one becomes conspicuous in a small group, factions set up and there was friction, and, piqued, Allen tendered his resignation, and because it was accepted was offended. He appealed to the Grand Castle, and receiving scant treatment, organized a castle of his own under the name of Knights of the Golden Eagle and established headquarters in a nearby building in the town, where he and his associates advertise and hold themselves out as Knights of the Golden Eagle under a charter filed by them, under the statute, for the incorporation of associations not for pecuniary profit, wherein they adopted the name "Knights of the Golden Eagle," with power to establish a fund to provide *Page 515 
for destitute and disabled members, pay death benefits, have perpetual successions, a common seal, make by-laws, contracts, sue and be sued, c.
The bill is properly brought by the complainant on behalf of the order. The unincorporated body could not sue and its members are too numerous — they run into the thousands — to be made parties. The Grand Castle, in convention assembled, commissioned the complainant to sue in its behalf; he is its representative. Members of an unincorporated association, enough to insure a fair trial of the matter in dispute, may file a bill in equity in behalf of the body. Van Houten v. Pine, 36 N.J. Eq. 133. One appointed by the entire body for the purpose has official qualification. Unincorporated bodies of seven or more members may be sued in equity (P.L. 1925 p. 395), but they cannot sue; there is no enabling act. Section 40 of the Practice act (Cum.Supp. Comp. Stat. p. 4064), authorizing unincorporated organizations to be sued, was amended to allow them to sue. P.L.1928 ch. 33. The Practice act relates only to suits at law.
The bill is properly brought in behalf of the Grand Castle. The strength of the order lies in the local castles and their membership, and any unlawful detraction from them is to the injury and damage of the state body.
The adoption of the title "Knights of the Golden Eagle" by Allen was intentional and vengeful; he admits it. That is quite sufficient to move equity to restrain him from the mischief he contemplated doing. International Silver Co. v. William H.Rogers Corp., 67 N.J. Eq. 646. Some of the confusion he anticipated and invited has happened; mail has been misdelivered and advertisements of social events (card parties), for profit, by Allen's group, have been mistaken as affairs to be given by the complainant, to which it charges admission fees. Allen's plea that his organization has no ritual, is unaffiliated with any superior body, is purely a social club, and could not be mistaken by its members or by candidates for the complainant body, is beside the question. He has been and is flying under false colors and for a harmful purpose, as he freely confesses. Undeterred by this litigation *Page 516 
and unrestrained, who knows what he will do? His incorporated Knights of the Golden Eagle may be intended as a nucleus for state and, perhaps, national exploitation; his charter indicates that he is not unprepared for that event. Presently parading as affiliated with the Knights of the Golden Eagle, mishap or misconduct at his "club" may bring scandal and disgrace to the order. Allen's bent is for evil and harm; the complainant need not wait until the mischief he is up to is done. It has already experienced some.
The complainant is entitled to the protection of its name and the integrity of its order. Cape May Yacht Club v. Cape MayYacht and Country Club, 81 N.J. Eq. 454; B.P.O.E. v. ImprovedB.P.O.E., 205 N.Y. 459; State Council, c., of United AmericanMechanics v. National Council, c., of United AmericanMechanics, 71 N.J. Eq. 432; Edison v. Edison Polyform andManufacturing Co., 73 N.J. Eq. 136.
An injunction will issue.