The present bill of complaint is addressed to this court by New Jersey Bankers Association which is a voluntary *Page 302 
unincorporated organization of 360 of the 374 banks, trust companies and savings institutions now engaged in business in the State of New Jersey.
Tersely stated, the cardinal object of the bill is to elicit in the manner of a declaratory decree a determination of the constitutionality of P.L. 1945 ch. 199, as amended and supplemented by P.L. 1946 ch. 78, and P.L. 1947 ch. 91, commonly identified as the "Escheat Act."
The complainant alleges that its member banks for which it is authorized to speak entertain the apprehension that the act in some specified respects contravenes certain provisions of our state (1844) and national constitutions. The advisory relief is sought in pursuance of R.S. 2:26-69, N.J.S.A.
The subject of immediate consideration is the inaugural motion introduced on behalf of the Attorney-General for an order dismissing the bill. In the notice of the application the following reasons are indicated:
"1. The complainant, a voluntary unincorporated association (as alleged in its bill of complaint) has no power to bring this suit.
"2. It is not alleged in the bill of complaint that this suit affects complainant's common property, rights or liabilities.
"3. It is not alleged in the bill of complaint that the decree prayed will affect the complainant.
"4. The bill of complaint states no cause of action in favor of complainant.
"5. The bill of complaint discloses no personal interest of complainant.
"6. The bill of complaint discloses no interest of complainant in common with the interest of its members, the protection of which is alleged to be the purpose of this suit.
"7. The complainant has no power to sue in its own name to protect the individual members of the association.
"8. There is no allegation that the rights, status, or other legal relations of complainant are affected by the statutes mentioned in the bill of complaint.
"9. It is not alleged that there are no corporations, other than members of the complainant association, which are affected by the statutes mentioned in the bill of complaint. *Page 303 
"10. This court has no jurisdiction to entertain this suit because the complainant prays a decree in respect to the statutes mentioned in the bill of complaint, which relate to the rights of complainant's members and their depositors, a purely legal question."
Manifestly, the foregoing specified reasons can be expediently assembled under three principal subjects.
Foremost is the insistence that the complainant as an unincorporated association and in the circumstances alleged in the bill is not legally competent to prosecute this cause.
I shall not undertake to trace historically the growth of the statutory authority conferred upon unincorporated associations to sue or be sued in our courts of law and equity. See, for example,Kline v. Knights of the Golden Eagle, 113 N.J. Eq. 513;167 Atl. Rep. 758.
The existing legislation of present notice is found in R.S.2:78-1, N.J.S.A., under the title "Unincorporated Associations." It reads:
"Any unincorporated organization or association, consisting of seven or more persons and having a recognized name, may sue orbe sued in any court of this state by such name in any action or suit affecting its common property, rights and liabilities, with the same force and effect as regards such common property, rights and liabilities as if the action or suit were prosecuted by or against all the members thereof. Such an action shall not abate by reason of the death, resignation, removal or legal incapacity of any officer of the organization or association or by reason of any change in its membership." (Italics mine.)
To sustain the motion I am requested to ascribe to the statute the interpretation that the authority to prosecute an action is confined to suits which directly affect the property, rights, and liabilities of the association itself as distinguished from those of its members. Assuredly such associations do not have any corporate individuality and their basic and fundamental objects are of a co-operative nature. The presence of the adjective "common" in the phraseology of the section of the statute cannot be ignored, much less can the clause "as if the action or suit were prosecuted by or against all of the members thereof" be denuded of its impressive significance. *Page 304 
Mindful of those elements which are to be considered in the interpretation or construction of a statutory enactment, I experience no doubt that the legislature in speaking of the common rights and liabilities of an unincorporated organization or society contemplated the rights and liabilities which its members shared or incurred similarly, i.e., those pertaining with like application and relevancy to the members of the group. Incidentally, it is observed that section 6 of the statute (R.S.2:78-6, N.J.S.A.) relates to suits in this court against such associations.
Moreover the remedial provisions of the Declaratory Judgment Act are expressly made available to an "unincorporated association or society." R.S. 2:26-66, N.J.S.A.
Then, also, the allegations of paragraph 11 of the bill of complaint cannot escape attention:
"11. The complainant is bringing this proceeding on behalf of all of its individual members and under authority thereof for the purpose of protecting them from claims which might arise from their compliance with the `Escheat Act' in the event that the `Escheat Act' may be invalid in whole or in part."
The second point that the bill is deficient in that it fails to allege that the complainant represents all of the banks to which the Escheat Act applies is without recognizable merit.
The third ground upon which the dismissal of the bill inlimine is sought is that the cause projects for declaratory decision questions implicating purely legal rights, hence it is said that this court is not the proper forum for such a pursuit.Vide, Township of Ewing v. Trenton, 137 N.J. Eq. 109;43 Atl. Rep. 2d 813, and cases therein collated.
Realizing how closely the day now approaches for the co-ordination of our present courts of law and equity jurisdictions, I confess a reluctance to mow down this cause upon the ground thus proposed except by the pressure of incontrovertible necessity.
I am therefore driven to scrutinize intently the nature of the situation in which the Escheat Act has placed the banking institutions and the character of the liabilities which they apprehend and seek to have judicially determined. *Page 305 
Certainly the banks encircled by the provisions and requirements of the act have the right to test the constitutionality of the enactment upon its attemped enforcement. Suppose that by reason of their general doubt concerning the validity of the act, the banks resolved to adopt the policy of declining to divulge any information concerning personal property subject to escheat under the terms of the statute and to surrender it to the Treasurer of the State, in what tribunal would such a controversy occur? An examination of the Escheat Act conspicuously reveals that the legislature resolved in its judgment to place such controversial issues within the jurisdiction of Chancery. Consult P.L. 1945 ch. 199 § 6 (b);P.L. 1946 ch. 78 § 6 (g); P.L. 1946 ch. 155 §§ 4, 10; P.L.1947 ch. 91 § 9 (g); R.S. 2:53-18, 20, 21, 22, 24, 31,N.J.S.A.; R.S. 17:9-23 (b), 25 (g), 31, 39, N.J.S.A.
Consult P.L. 1945 ch. 199 § 6 (b); P.L. 1946 ch. 78 §§ 6
(b) and 8 (g) and 8 (g); P.L. 1946 ch. 155 §§ 4, 10;P.L. 1947 ch. 91 § 9 (g); R.S. 2:53-18, 20, 21, 22, 24, 31,N.J.S.A.; R.S. 17:9-23 (b) and (g), 25 (g), 31, 39,N.J.S.A.
For the purposes of the present motion I must also assume the verity of the allegations of paragraphs 28 and 29 of the bill of complaint which aver that the unclaimed deposits are respectively entered to the credit of numerous persons. An undertaking even in each case to accomplish personal service of process on all such depositors would be impracticable and inordinately expensive. The power to seize those accounts is made subject to the judicial action of this court in a proceeding substantially in rem. In rePrudential Insurance Co., 132 N.J. Eq. 170; 28 Atl. Rep. 2d120. Equity has always endeavored to accommodate its judicature to such exigencies.
True, the normal relationship between a bank and its depositor is that of debtor and creditor, yet by reason of the terms of the Escheat Act, the bank in such instances occupies in a broad and untechnical sense a status akin to that of a disinterested stakeholder. In all such circumstances I do not feel impelled to conclude that the subject-matter is so manifestly extraneous as to justify the rejection of the alleged cause of action.
The motion to strike the bill is denied. *Page 306