## Breneman *against* The Franklin Beneficial Association.

A member of the "Franklin Beneficial Association of Lancaster" is entitled to relief, in case of disability or sickness, only from the date of his application for such relief, and not from the time such sickness or disability accrued.

ERROR to the Common Pleas of *Lancaster* county.

This suit was originally brought before a justice of the peace, by George C. Breneman, against the Franklin Beneficial Association of Lancaster. The plaintiff, while a member of that Society, was accidentally disabled in Vicksburg, Mississippi, on the 11th of November 1840, and, in consequence, confined to bed for seven weeks. On the 31st of December 1840, in compliance with their constitution and by-laws, he forwarded an application for relief to the Society, who paid him the weekly allowance provided by their laws, from the date of his application, but refused him any allowance previous to it, which the plaintiff brought this suit to recover, and obtained a judgment for $35, from which the defendants appealed to the Court of Common Pleas, before whom the cause came up on a case stated. It was contended that the plaintiff was physically unable to apply for the benefits of the Society at an earlier period than he had done; that on that ground he was entitled to an allowance previous to his application. The court gave judgment for the defendants, on the ground that the plaintiff might have made his application for relief through a third person.

The following are the laws of the Society pertinent to the case:

### Constitution.

Article IX. The duty of the steward shall be, to examine into the various cases of diseased members; and in the event of any case appearing doubtful, they shall call a physician of respectability, who shall be the sole judge; and if, in his opinion, the applicant is deserving of benefit, the stewards shall inform the president thereof, who shall give an order for their weekly allowance, and continue the same until full restoration to health, or death, as the event may happen; provided, however, that no person shall be entitled to relief under this article, unless he shall have previously complied with all other provisions of this constitution, and all the by-laws of the Society, in such cases made and provided.

### By-Laws.

Article V.—Section 1. At every second meeting, there shall be selected two members according to the order of signature to the constitution, to serve as stewards for the term of two months, &c.

[Breneman v. The Franklin Beneficial Association.]

Section 4. They shall visit every sick member, who is in the receipt of the weekly allowance, at least once in every week; and in case of death, shall, as soon as they obtain knowledge thereof, inform the president of the same.

Section 6. They shall report at each stated meeting all the business transacted by them, during the preceding month, stating the persons who are, or who have been during that time, in the receipt of the weekly allowance.

Article XI.—Section 1. That any diseased person who has been a member of this Society for five years, and who shall be rendered incapable by sickness from attending to his business, and is confined to his bed in consequence thereof, (provided such sickness or accident does not arise from immoral conduct), and who is not in arrears for three months, shall on application to the stewards of the Society receive the sum of $5 per week. But if his sickness be of a less serious nature, which incapacitates him from attending to his professional business; or if he shall be disabled from old age, bodily infirmity, casualty or mental derangement, from attending to his business or usual avocations, $3 per week shall be allowed, and no more, to continue until restoration to full health or death, as the event may happen.

Section 2. Every member shall be entitled to the benefits of the Society, as expressed in the preceding section; but if such member shall reside out of the city when making application for relief, he is required to send a certificate from a respectable practising physician, particularly describing the nature and cause of his disease, and showing the disability of such applicant to attend to business; which certificate shall be properly authenticated by a magistrate, under his hand and seal of office, stating that he is acquainted with such physician, that he is a respectable practitioner of medicine, which weekly certificates to be presented every four weeks, if he should so long continue sick.

To the end of the pamphlet containing the constitution and by-laws of the Society, were annexed forms of application for relief, and of certificates of the physician.

The plaintiff excepted to the charge of the court.

*Ford*, for the plaintiff in error, cited 15 *Johns.* 89; 6 *Wend.* 486; 15 *Johns.* 358.

*Reigart, contra.*

The opinion of the Court was delivered by

SERGEANT, J. — The construction given to the constitution and by-laws of this association, by the association itself, and by the court below, seems to us to be the most reasonable one of which they are susceptible. The case is undoubtedly calculated to excite sympathy, and to enlist feelings in favour of the plaintiff.

[Breneman v. The Franklin Beneficial Association.]

On the other hand, the absolute necessity of some fixed and certain rule on a subject of vital importance to the funds of the company, as a guide and precedent for future cases, no doubt induced the decision which was made. When brought into court, however, as a legal demand, we can only treat it as such. On the present occasion, as on many similar ones, the language of the instruments before us is by no means precise and clear. Yet if we do not adopt the principle, that it is only from the time of the application that the right of the beneficiary commences, it would be difficult to discover any rule at all among the various regulations which have been made. One great object of these provisions appears to be, to prevent imposition on the society, either by feigned or trivial sickness, or by disability produced by causes not entitling the claimant to relief. For this purpose it is necessary that the society should have information of the state of the applicant, and have it in their power to visit him and inspect personally his situation, and judge for themselves, how far he comes within the class of persons entitled to relief, or, where he is out of their bounds and cannot be visited, that they should be furnished with something equivalent.

With this view, it is made the duty of the stewards to examine into the cases of diseased members, and to call in a physician in case of doubt, who is declared to be the sole judge: Constitution, Article IX. — By the by-laws, where the member resides out of the city, the certificate of a physician alone is admitted, which is to be presented every four weeks. The disability, therefore, is to be ascertained either by the steward alone, or by the steward and physician, or by the certificate of a physician; and it is not to depend on evidence of previous sickness or disability, which is in no case permitted, and would be of doubtful and hazardous character, in reference to periods of weeks or months past. The language of the by-law is in accordance with this view of the subject. It is, "on application to the stewards of the society," that the diseased member is entitled to relief; and though the applicant himself, as in the present case, was so injured as to be deprived of the power of applying, there seems no sufficient reason why he might not have had it done for him by another, according to the forms prescribed in the pamphlet containing the constitution and laws, a copy of which every member, as he has a deep interest in its contents, ought, in common prudence, to have always in his possession.

Judgment affirmed.