## Stambler *v.* Order of Pente, Appellant.

*Beneficial associations—Defect in application—Waiver—Notice.*

Beneficial associations are bound by the rule to which insurance companies are subject, which requires that the assured shall be promptly notified of any defect in the proof of loss, so that he may have an opportunity of correcting it.

If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires that the company should promptly notify him of their objections, so as to give him the opportunity to obviate them ; and mere silence may so mislead him, to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver : Gould v. Ins. Co., 134 Pa. 588.

If the jurat to the physician's certificate attached to an application for sick benefits is omitted, the member must be promptly notified by the beneficial association of the omission. Otherwise it will be presumed that the association has waived the defect.

Argued Jan. 8, 1894. Appeal, No. 83, July T., 1893, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1892, No. 1184, on verdict for plaintiff, Annie Stambler. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Appeal from magistrate on judgment for sick benefits.

The facts appear by the opinion of the Supreme Court.

The court below charged as follows :

" It appears that the organization of which this plaintiff was a member had a by-law requiring that the proof of sickness, for which a claim is made, shall be made in writing, signed and sworn to by the attending physician as well as the claimant. In this case she complied with the requirements in the first instance for two weeks' benefits, by giving such proof, sworn to by herself and the physician, and she collected upon that the sum of fifty dollars for those two weeks. She subsequently

sent in another proof for three additional weeks, and that was signed and sworn to by her, but not sworn to by the physician. Her testimony is that it was a continuous illness, and it appears also that the proof was received by the company and retained by them, and certain marks made upon it,—whether of approval, as it is alleged, or not, I do not know. Undoubtedly there was a condition precedent, and she agreed to conform to those conditions of membership as a part of her contract; [but she contends that the requirement as to the oath of the physician in the second certificate was waived by the defendant when they received the proof and made no objection to it. It is for you to say whether or not that was intended by the company to be a waiver of the requirement as to the oath of the physician in fulfillment of the by-law requiring proof of illness to be signed and sworn to by the physician.] " [4]

Defendant's request for binding instructions refused. [1–3]
Verdict and judgment for plaintiff for $78.37.

*Errors assigned* were (1–4) instructions, quoting them.

*J. Howard Morrison*, for appellant, cited : Beatty v. Lycoming Co., 66 Pa. 17 ; Bigelow, Estoppel, 437.

*Jacob Singer* and *Emanuel Furth*, for appellee, not heard, cited : Gould v. Ins. Co., 134 Pa. 588.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 22, 1894 :
    This case was taken into the court below by appeal from the magistrate's judgment rendered June 28, 1892. It was clearly shown on the trial that plaintiff became disabled by sickness on March 17, 1892, and so continued for about six weeks. She was continuously under the care of her physician from March 22d until April 27th. On April 6th, application for two weeks' sick benefits was made in due form and honored by the defendant. On May 4th, another application was made for the next succeeding three weeks' benefits. This was also in due form, except that the physician's certificate does not appear to have been sworn to by him. The blank form of jurat was neither filled up nor signed. So far as appears from the testimony this application and accompanying proofs of disability were retained

by the defendant without notice to plaintiff of any objection thereto on that or any other ground. It does not appear that any such notice was given before this suit was brought. If the defendant intended to object to the omission referred to, prompt notice thereof should have been given, so that plaintiff might have had an opportunity of correcting the same. Anything short of that would be a departure from the principles of good faith and fair dealing which should always characterize the conduct of beneficial associations towards their own members. While such associations are in some respects unlike insurance companies, there is every reason for holding them to the rule applicable to notice and proofs of loss under ordinary insurance policies. As stated in Gould v. Ins. Co., 134 Pa. 588, that rule is: " If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires that the company should promptly notify him of their objections, so as to give him the opportunity to obviate them ; and mere silence may so mislead him, to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver." The good faith of the plaintiff and the meritorious character of her claim are clearly shown by the testimony in this case.

In his clear and concise charge, the learned trial judge instructed the jury that while verification of the physician's certificate by his own oath was a condition of plaintiff's contract, it was one which the defendant might waive; and, in view of the testimony, he submitted to them the question whether it had or had not been waived in this case. There was no error in that. The testimony, as to defendant's conduct in receiving and retaining the application and proofs of disability without objection, etc., was sufficient to justify submission of the question to the jury; and their verdict is evidently predicated of the finding that strict compliance with the condition was, in fact, waived. That effectually disposes of the only defence that was relied on. Further consideration of the specifications of error is unnecessary. Neither of them is sustained.

Judgment affirmed.