Joseph Asselto and Nick Asselto, Appellants, Heirs of John Asselto, deceased, *v.* The Supreme Tent of the Knights of the Maccabees of the World.

*Beneficial associations—Social and beneficial members—Death benefits.*

A fraternal and mutual benefit association, having two classes of members, social and beneficial, cannot be made liable for death benefits for one who qualified as a social member but paid dues as a beneficial member, with the understanding that if he did not pass the provided medical examination a portion of the beneficial dues were to be applied to his social membership tax and the balance returned to him, but who never underwent examination to determine whether he was eligible to beneficial membership.

Argued May 1, 1899. Appeal, No. 191, Jan. T., 1898, by plaintiffs, from judgment of C. P. McKean Co., June T., 1896, No. 25, on verdict for defendant. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit. Before MORRISON, J.

The plaintiffs brought suit to recover the amount of $1,000 benefits, with interest from July 13, 1895, as the heirs of John Asselto, who, they alleged, was a beneficial member of defendant association.

The facts sufficiently appear in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for de-
fendant.

*Eugene Mullin,* of *Mullin & Mullin,* for appellants.—The rec-
ord keeper to whom deceased paid his dues was acting in the
capacity of agent for the defendant, and not for the deceased,
and his acts in inducing and permitting the latter to become a
beneficiary member were binding upon the company.

If there is a mutual mistake between the contracting parties
to an insurance policy, parol evidence is admissible to reform the
policy : Eilenberger v. Insurance Co., 89 Pa. 465.

In reviewing the judgment in this case, the Supreme Court
must take the plaintiffs' evidence as true; not only the facts
as directly established, but every reasonable inference therefrom:
Elkins & Co. v. Ins. Co., 113 Pa. 387.

*James George,* for appellee.

OPINION BY MR. JUSTICE FELL, May 23, 1899 :

The defendant is a fraternal and mutual benefit association
with two classes of members.    The first class are social mem-
bers who do not contribute to or participate in the benefit fund,
and are admitted to membership without medical examination.
The second class are beneficial members, who contribute to and
participate in the benefit fund, and who are not admitted to that
class until they have passed an examination by the medical ex-
aminer of the lodge and have been approved as members by the
supreme medical examiner of the order.    The plaintiffs' brother,
John Asselto, was initiated as a member of Bradford lodge on
April 26, 1895, without a medical examination.    He died on
July 13, 1895.    It appears to have been the custom of this lodge
to admit members without first requiring an examination to de-
termine whether they were eligible as beneficial members.    The
deceased, with other members admitted at the same time, signed
a declaration to the effect that if he was not accepted as a bene-
ficial member he would become a social member, and he paid in
advance in addition to the ordinary dues sixty cents, the amount
of the first assessment of a beneficial member.    This payment
was made by him with the understanding that if he was not ac-
cepted as a beneficial member fifty cents of the payment would

be credited to his per capita tax and the balance returned to him. He was not afterward examined, although repeatedly urged by the recorder of the lodge and by other members to visit the lodge examiner for that purpose.

It appears that the deceased had applied three or four times before for admission, and had been rejected. On one of these occasions, a year and a half before his admission, he had been examined by the lodge examiner, but the result of that examination was not shown at the trial. It is upon the fact of his having been examined and having paid in advance a benefit assessment, that the claim of beneficial membership is based.

The plaintiffs have no standing except upon the rights of the deceased to membership, and it is too clear to admit of argument that he never became a beneficial member. The payment of benefit dues was made at the request of the recorder as a matter of convenience to him, in order that he would not be required to collect them of the beneficial members in case of their acceptance ; and it was a payment by the deceased on condition that a part of it should be applied to his regular dues and the balance returned to him if he did not pass a satisfactory examination. This condition was complied with. The money remained in the possession of the recorder ; and the supreme lodge, which was the body responsible for the payment of death benefits, never received the payment or in any manner became bound.

The deceased could not have understood that his examination a year and a half before was sufficient to admit him to beneficial membership in July, 1895, and that he did not so understand is conclusively shown. The uncontradicted testimony is that he was repeatedly notified that he could not become a beneficial member until examined, and that he said that he fully understood this, and would attend to it. There was absolutely nothing to submit to the jury, and the learned judge was right in directing a verdict for the defendant.

The judgment is affirmed.