# Myers *v.* Alta Friendly Society, Appellant.

*Beneficial associations—By-laws—Certificate of illness—Physician's certificate.*

Where the by-laws of a beneficial association provide that a member demanding sick benefits shall first present his own certificate, and a certificate from the attending physician, setting forth the date, cause and character of the sickness, and if the sickness continues, he shall at the end

of every week furnish the attending physician's certificate, such certificates must be furnished as a condition of receiving sick benefits; but it is not necessary if the member is in a feeble condition that he make out and sign his own certificate. This may be done for him by his physician, his nurse, or any member of his family.

The by-laws of a mutual beneficial association must, in the very nature of the case, govern among its members. To those who have associated themselves together, these by-laws are the law by which they are to be governed. They necessarily assent thereto in becoming members. If the by-laws are, in the judgment of any one seeking to become a member, unreasonable and under any conditions impossible of compliance therewith, he has the remedy in his own hands by refusing to become bound thereby.

The provisions in the by-laws of a beneficial association for the furnishing of a weekly certificate from the attending physician of a member's sickness is a reasonable provision, and will be enforced by the courts.

Where a beneficial association defends a suit against it for sick benefits on the ground that the member had not furnished the association his own and a physician's certificate as required by the by-laws, and it appears that the member had furnished the certificates in time for one week's benefits, but not in time for the subsequent weeks for which he claimed, and it also appears that no tender of money for the one week was made to the member, plaintiff is entitled to recover for one week's benefits, and also for costs.

Argued Oct. 18, 1905. Appeal, No. 187, Oct. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1904, No. 412, on verdict for plaintiff in case of Joseph N. Myers v. Alta Friendly Society. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit to recover sick benefits. Before WILLSON, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial plaintiff's counsel asked a witness the following question :

Q. What effect, if any, would such exertion as signing papers have upon his (the plaintiff's) illness ?

Objected to. Objection overruled. Exception noted for defendant by order of the court. [1]

A. The effect of the slightest exertion was to aggravate his condition, and, of course, I cannot say how serious the result would have been, or might have been ; it is possible he could have signed such a paper without any detriment, but the chances were all against it I considered.

The court charged as follows :

[Gentleman of the jury, this case presents questions of law,

which will be settled hereafter. I instruct you to render a verdict for the plaintiff for $41.90, reserving the point whether there is any evidence in the case which would justify a verdict on behalf of the plaintiff for more than $10.00 and interest from April 30, 1904.] [3]

Verdict and judgment for plaintiff for $41.09. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (3) charge as above, quoting it; and (4) in entering judgment on the verdict.

*T. Elliott Patterson,* for appellant.—The society under its contract was entitled to know at the end of every week that the member was under medical treatment, and within all the requirements of the contract, before paying out moneys for the accumulated funds that were paid in according to contract: Dunning v. Mass. Mut. Acc. Assn., 59 Atl. Repr. 535; Breneman v. Franklin Beneficial Assn., 3 W. & S. 218; Hand v. Baynes, 4 Wharton, 204; Thompson v. Life Ins. Co., 104 U. S. 252.

One of the duties of a person who becomes a member of a mutual insurance company is to inform himself of its by-laws, and he cannot escape their force although he may have had no actual knowledge of them: Ins. Co. v. Perrine, 7 W. & S. 348; Rhule v. Acc. Fund, 13 Pa. Superior Ct. 416; Anderson v. Alta Friendly Society, 26 Pa. Superior Ct. 630.

The reasonableness of the by-law of the defendant society that is sought to be disregarded by the appellee in this case is sustained by abundant authority: St. Mary's Beneficial Society v. Burford, 70 Pa. 321; Breneman v. Beneficial Association, 3 W. & S. 218.

In the case at bar, the contract provides that the member must furnish a physician's certificate to the society, giving date, cause and character of illness, and the reasonableness thereof is fully sustained by the following decisions: Audette v. L'Union St. Joseph, 59 N. E. Repr. 668; Harrington v. Workingmen's Benevolent Assn., 70 Ga. 340; Dolan v. Court Good Samaritan, 128 Mass. 437; Wittemore v. Sills, 76 Mo. App.

248 ; McVoy v. Keller, 74 N. Y. Supp. 842 ; Ramell v. Duffy, 81 N. Y. Supp. 600.

*George Thorn Hunsicker*, for appellee, cited : Hayes v. Continental Casualty Co., 72 S. W. Rep. 135.

OPINION BY BEAVER, J., November 21, 1905 :

The defendant is a beneficial association, composed of members voluntarily associated together for mutual benefit and protection, under constitution and by-laws framed and adopted by themselves.   The certificate of membership in the society has printed upon the back thereof articles 5 and 6 of the by-laws which prescribe the conditions of membership and also the conditions upon which a member shall become entitled to such benefits as may be mentioned in his application and certificate of membership.

For a proper understanding of the question raised by the defendant in its motion for judgment non obstante veredicto, a verdict for the plaintiff having been directed by the court below, it will be well to quote the entire section 3 of article 6 printed upon the back of the member's certificate :

"Sec. 3. Any such member who shall through sickness or accident become disqualified from attending to his usual vocation, or other employment or occupation, and shall be under medical treatment for a period of not less than seven days, shall be entitled to receive from the society such weekly benefits or sums of money as may be specified in his certificate of membership.   He shall be entitled to such weekly benefits as long as he shall be disqualified from attending to his usual vocation or other employment or occupation, and shall necessarily be under medical treatment, provided, however, that such member shall first present to the society his own certificate and a certificate from the attending physician, who must be a reputable and practicing physician and a graduate of a recognized medical college, which certificate shall set forth the date, cause and character of the sickness or accident, and contain correct answers to all such questions as may be asked in blank certificates to be furnished by the society upon application therefor, and such certificates from the attending physician and member made upon the blank or blanks furnished by the society as

aforesaid, shall be sworn to by such physician and member when a request therefor shall be made by the president or secretary of the society, and unless such certificates, sworn to if required, as aforesaid, and satisfactory to the president or secretary, be first furnished to the society, the member shall not be entitled to and shall not receive any benefits or money whatever from the society. Upon the receipt of such certificates, the member, if entitled thereto, shall receive from the society such weekly benefit or sum as may be specified in his certificate of membership for and during one week immediately preceding the day on which the said attending physician shall fill up and make the certificate aforesaid, and the society shall not be liable or required to pay any benefits to such member for more than one week prior to the date of the physician's certificate aforesaid. And if such member shall thereafter continue to be sick and disqualified as aforesaid, he shall at the end of every week during such sickness and disqualification, present to the society a certificate from the attending physician aforesaid, containing answers to such questions as may be asked or required by the society in the blanks provided for that purpose, and unless such certificate be furnished as aforesaid, the society shall not be liable or required to pay any benefits or money to such member. And provided further, that no member shall be entitled to receive more than two weekly benefits during the first six months of his membership, and not more than six weekly benefits during the first year. During the second, third and fourth years, he shall not receive more than eight such weekly benefits in any one year, and during the fifth year, he shall be limited to ten such weekly benefits. After the fifth year such member shall be entitled to draw or receive, continuously or otherwise, any number of such weekly benefits not exceeding forty, it being distinctly understood that no member of the society shall be entitled to receive more than an aggregate of forty weekly benefits during his entire membership in the society. It is further expressly provided, that no member shall be allowed or granted, or entitled to receive, during the first two years of his membership, any weekly sick benefit or money, unless he shall be wholly, actually and necessarily confined to bed, and have some well defined disease, and he shall in such event be entitled to receive benefits only for

and during the time thus confined to bed at the weekly rate specified in his certificate of membership, and not exceeding the number of weeks above mentioned, and during the first two years of membership, no member shall be entitled to benefits for any accident unless it be severe enough to visibly and actually disable the member. No female member shall at any time be entitled to or receive any benefits or money for or during childbirth, or for or on account of any sickness or ailment occasioned by a pregnant state, or for or on account of disease of the uterus and its appendages, or for or on account of any sickness or ailment peculiar to women, or for any sickness or ailment connected or complicated in any way with any exclusively female complaint or disease. And it is further provided, that any officer, physician or duly authorized agent of the society shall have the right to visit, interrogate and examine at any time, any member who shall ask for and claim benefits from the society, and if such officer, physician or agent shall not be allowed or permitted to visit, interrogate and examine such member as aforesaid, then the society shall not be liable or required to pay such member any benefits or money whatever. When a member claiming benefits shall be able to leave the house, he shall not be entitled to and shall not receive any benefits."

The principal question here is whether the plaintiff is entitled to recover for four weeks' sick benefits, without having complied with the requirements of this section 3, in that he did not furnish to the society his own certificate or application and the certificate from the attending physician required by the provisions of said section. It is agreed that the proper blank certificates were furnished in time to entitle him to sick benefits for one week.

No opinion upon the motion for judgment non obstante veredicto was filed and no decree of the court in regard thereto is shown in the appendix of the appellant's paper-book. We take it for granted, however, that the motion was regularly dismissed, as appears among the docket entries. There is also a memorandum signed by the trial judge: "And now, August 10, 1905, the court grants the defendant an exception to its dismissal of defendant's motion for judgment upon the point reserved, non obstante veredicto, and entry of judgment for

the plaintiff upon the verdict." We are not informed, therefore, as to the grounds upon which the defendant's motion was denied and the judgment upon the verdict entered.

The by-laws of a mutual beneficial association must, in the very nature of the case, govern among its members. To those who have associated themselves together, these by-laws are the law by which they are to be governed. They necessarily assent thereto in becoming members. If the by-laws are, in the judgment of anyone seeking to become a member, unreasonable and under any conditions impossible of compliance therewith, he has the remedy in his own hands by refusing to become bound thereby. The general principle, we take it, is well stated in 2 P. & L. Dig. of Dec. 2130, under "Beneficial Associations:" "To entitle a claimant to sick benefits, he must show affirmatively a strict compliance with the by-laws."

The plaintiff's condition, it is true, at the beginning of his sickness was such as rendered it extremely hazardous to have literally complied with the by-law in question, but there is no requirement, as we understand it, that he should write the answers to the questions contained in the statement furnished him, with his own hand, or that he should even write his own name. Conditions may be readily imagined under which that would have been physically impossible, but it was not impossible for his physician, his nurse or any member of his family to have complied with the conditions, in answering all the questions and in signing the certificate for him and stating the facts which rendered it impossible for him to sign his own name. Such a compliance with the by-laws would have put the society upon inquiry and would have enabled them to make such examination as they may have desired as to his condition, and that seems to be the real object of the requirement as to the certificate of the member himself.

The principle involved herein was early decided in Breneman v. The Franklin Beneficial Association, 3 W. & S. 218, in which "it was contended that the plaintiff was physically unable to apply for the benefits of the society at an earlier period than he had done; and that on that ground he was entitled to an allowance previous to his application. The court gave judgment for the defendants on the ground that the plaintiff might have made his application for relief through a

third person." Mr. Justice SERGEANT, in delivering the opinion of the court, said : " The case is undoubtedly calculated to excite sympathy and to enlist feelings in favor of the plaintiff. On the other hand, the absolute necessity of some fixed and certain rule on a subject of vital importance to the funds of the company, as a guide and precedent for future cases, no doubt induced the decision which was made. When brought into court, however, as a legal demand we can only treat it as such. On the present occasion, as on many similar ones, the language of the instruments before us is by no means precise and clear. Yet if we do not adopt the principle that it is only from the time of the application that the right of the beneficiary commences, it would be difficult to discover any rule at all among the various regulations which have been made. One great object of these provisions appears to be, to prevent imposition on the society, either by feigned or trivial sickness, or by disability produced by causes not entitling the claimant to relief. For this purpose it is necessary that the society should have information of the state of the applicant, and have it in their power to visit him and inspect personally his situation, and judge for themselves, how far he comes within the class of persons entitled to relief, or, where he is out of their bounds and cannot be visited, that they should be furnished with something equivalent." Later on, it is said : " It is ' on application to the stewards of the society,' that the diseased member is entitled to relief; and though the applicant himself, as in the present case, was so injured as to be deprived of the power of applying, there seems no sufficient reason why he might not have had it done for him by another, according to the forms prescribed in the pamphlet containing the constitution and laws, a copy of which every member, as he has a deep interest in its contents, ought, in common prudence, to have always in his possession."

Here the by-law in relation to the application and the prerequisites to obtaining sick benefits were printed upon the back of the certificate of membership.

It is not necessary to multiply authorities upon the general proposition that the members of a voluntary organization are bound by the constitution and by-laws thereof. There is nothing here to indicate that the plaintiff did not fully understand,

when he joined the defendant society, what the provisions of its constitution and by-laws were, nor is there a suggestion that he was in any way deceived or fraudulently induced to join the society. He was, therefore, bound by them and could only receive the sick benefits, provided by the society for its members, by at least a substantial compliance with their terms. Neither he nor anyone for him made any attempt at compliance, so far as the first three weeks of his sickness were concerned.

The plaintiff's testimony shows that he was taken ill March 1, 1904. Notice was sent to the defendant society of his illness and, in consequence of that notice, he received a blank application for sick benefits which, as shown upon the application itself, was dated March 3, 1904. It was not received by the society until March 29 and was then approved by I. W. Cooley, presumably an officer of the society, for the amount of $10.00. The plaintiff, therefore, had the blank application sent by the society, in accordance with his own notice, in his possession for nearly four weeks, without any attempt at compliance with the provisions of the by-laws, although, as we have already seen, they were by no means impossible of compliance.

In this view of the case, the first assignment of error, which relates to the admission, under objection, of testimony tending to show the condition of the plaintiff at the time of his sickness, becomes comparatively unimportant. If the court had admitted the testimony, as offered, for the purpose of determining, as a matter of law, the reasonableness of the by-law in which the defendant claimed to be exempt from payment, no harm would have been done, if the defendant's motion for judgment had been granted, and it is probable that the testimony was admitted with this view. We cannot say, therefore, that it was wholly irrelevant at the time it was offered, although, if a motion had been made by the defendant subsequently to strike it out, it should, we think, have been granted.

The plaintiff not only failed to forward his own application for sick benefits but neglected to comply also with the requirement of the by-laws which provides for the furnishing of a weekly certificate from the attending physician of a member's sickness. There is no pretense that this was impossible or that it was unreasonable. The benefits are to be paid weekly

and if, after the society is informed of the character of the de-- fendant's sickness and makes the examination which its officers may desire to make and is satisfied that the member is bene- ficial, it is only reasonable that a certificate from the attending physician should be furnished from week to week, in order to show that the member is still beneficial. The reasoning that applies to the application of the member applies even more strongly to the provision of the by-law in regard to the physi- cian's certificate.

There remains but a single question for consideration, which is thus stated by the appellant: " Whether, where the society was ready and willing and offered, before suit was brought, to pay the plaintiff for one week immediately preceding the date of the physician's certificate, as the by-law provides, and again offered (it) to him in the affidavit of defense and at the trial, and the plaintiff refused to accept the same or to enter judg- ment for that amount, he is entitled to the said one week's benefits." There was no tender of the money to the plaintiff at any time, and in his testimony he denies that there was even an offer to pay him that amount. The case of Westmoreland &c. Gas Co. v. DeWitt, 130 Pa. 235, is not in any way analogous. In that case the money was actually present and the defendant admitted he had said that it would be altogether unnecessary to show the money. He doubtless could have taken judgment upon the affidavit of defense for the amount allowed, although there is no tender of judgment therein, and taken issue with the defendant for the remainder, but he was not bound to do so. An offer of judgment for one week's benefits at the trial would, if accepted, have prevented the plaintiff from proceeding for the balance of the amount claimed by him. If the defendant had wished to stop costs, it could have paid the amount admitted to be due into court, but it did not do so and chose to assume the risk of the final result. We are of opinion, therefore, that the plaintiff is not only entitled to judgment for one week's benefits but also for costs.

Upon consideration of the whole case, we are of opinion that the plaintiff was bound by the provisions of the by-laws con- tained in the third section of the sixth article, requiring him to make application for sick benefits immediately after the re- ceipt of the blank sent him by the society, and that he was

also bound to furnish a certificate of his physician weekly. Inasmuch, however, as both these documents were furnished in time to entitle him to one week's benefits, judgment should be entered for the sum of $10.00, with interest from March 29, 1904.

The judgment of the court below is, therefore, reversed and set aside and judgment is now entered for the plaintiff against the defendant' for the sum of $10.49, as of the date of the verdict—January 20, 1905—together with interest thereon from that date.