## Williams et al. v. Wilkes-Barre Firemen's Relief and Pension Assn. et al.

*James Hiscox*, for plaintiffs.
*Frank P. Slattery, Jr.*, for defendants.

VALENTINE, P. J., for court en banc, March 13, 1948. —This is a mandamus proceeding, instituted by the seven plaintiffs to compel the officers of the Wilkes-Barre Firemen's Relief and Pension Association to admit them to membership in said association.

The association is a corporation of the first class, incorporated as "The Wilkes-Barre Firemen's Relief Association" by decree of this court on May 25, 1896. The name was subsequently changed to Wilkes-Barre Firemen's Relief and Pension Association. The purpose of the corporation, set forth in its charter, as amended in 1915, is as follows:

"Second. The purpose for which the said corporation is formed is the maintenance of a society for beneficial or protective purposes to its members, and for said purposes, to provide and maintain a fund, from fees, dues and assessments collected from its members, and from legacies, gifts and other sources, for the payment of such benefits and pensions to its disabled or pensioned members, and to the widows and children, and

other dependents and beneficiaries of deceased members or pensioners, as may be authorized by the By-Laws."

The charter contains the following provisions relative to membership:

"Sixth. The membership of this association shall consist of active members, having right to benefits and pensions, and honorary members, having no such right; active members including all members of the Wilkes-Barre Fire Department who may be elected to membership in this association, by vote of the board of directors thereof, and who may retain such membership by payment of such fees, dues and assessments, and by compliance with such other requirements as to membership as may be prescribed by the By-Laws; honorary membership including the Mayor and Councilmen of the City of Wilkes-Barre, ex-officio, and such others as may be admitted to honorary membership under the By-Laws."

This provision is supplemented by the bylaws, which provide:

"Article I, Section 1. All members of the Wilkes-Barre Fire Department shall be eligible to active membership in the association providing they comply with the Constitution and By-Laws of the association within six (6) months of their entry into the Wilkes-Barre Fire Department, pending their appointment by the City Council. No application shall be considered before the applicant has passed his twenty-first birthday, nor after he had passed his thirty-fifth birthday.

"Section 2. All applications must be in writing on blanks furnished by the secretary and all applications must be approved by the board of trustees.

"Section 3. All applicants for membership must pass a physical examination, at their own expense, by the association's physician, and they must also receive a majority of the ballots cast by the members at a regular meeting of the association."

An ordinance of the City of Wilkes-Barre, approved May 13, 1896, entitled:

"An ordinance authorizing and requiring the treasurer of the city of Wilkes-Barre to collect from the proper officers of this Commonwealth, a certain tax due the city of Wilkes-Barre for the use and benefit of the members of the fire department, and to pay the same over to the treasurer of the Wilkes-Barre Firemen's Relief Association"; provides:

"Section 1. That the treasurer of the city of Wilkes-Barre shall collect from the proper officers of this Commonwealth the one per centum of the aforesaid tax (provided by the Act of June 28, 1895, P. L. 408) due to said city of Wilkes-Barre, and shall pay over the same, when and as soon as the tax shall from time to time be received by him, to the treasurer of the said association of the firemen of the city of Wilkes-Barre, known as 'The Wilkes-Barre Firemen's Relief Association' to be used by the said association for the objects and purposes aforesaid, and in accordance with their Charter and By-Laws.

"Provided, however, that the amount of said tax shall only be paid over to the said association while they are in existence for the purpose above set out; and provided, further, that the city of Wilkes-Barre shall in no wise be liable for the proper application of said moneys after the same shall have been received by the treasurer of the said association, or for the payment of any sum or sums of money except as in this ordinance specified."

Petitioners are the fire chief and six uniformed members of the Fire Department of the City of Wilkes-Barre. Their right to maintain a joint action was sustained in a decision rendered by Judge Flannery by virtue of Pa. R. C. P. No. 2229(a), as the petition for the writ of alternative mandamus indicated that the case involved common questions of law and fact

"affecting the right of relief of all such persons" who had joined as plaintiffs.

After the filing of an answer to defendant's petition, the case was called for trial before a jury. At the conclusion of the trial it was apparent the case involved no controlling question of fact, but rather questions of law, and a verdict was directed in favor of defendants. Plaintiffs' point for binding instructions was refused, and plaintiffs' motion for judgment n. o. v. is now before us for disposition.

Plaintiffs' chief contention is that the bylaws of the association, article I, secs. 1, 2, and 3, which restrict membership in the association, are unreasonable and void. Passing the question of the right of plaintiffs, nonmembers of the association, to raise the question as to the validity of the bylaws, which may be doubtful (Noble v. Police Beneficiary Assn., 224 Pa. 298-302), we think it clear that the case does not present a situation to be corrected by a writ of peremptory mandamus. The testimony also conclusively shows that plaintiffs do not stand on an equal basis, and that no ground for a joint action exists.

Plaintiff Stanley Williams is now 63 years of age. He applied for membership in the association in 1918. He failed to pass the physical examination. In 1933 he was "voted down for being too old". He took no further steps to secure admission in the organization until the filing of the petition for mandamus on December 23, 1946.

Ambrose Saricks is chief of the fire department. He is now 60 years of age. He talked with members about joining the association, but made no formal application and took no definite steps until he became a party to the petition filed in December 1946.

Frank J. Schuler, now 58 years of age, was appointed a member of the department in 1924 or 1926. He filed his application for membership in the association in 1931. He was given a physical examination

and rejected as being too old, viz., 41 years. He took no further steps until the institution of this action.

Oscar E. Jacobson is now 57 years. He was appointed to the fire department in 1926. He inquired of members about joining the association. He took the civil service examination after he was 35 years of age, but made no formal application for admission, and took no action until the institution of this proceeding.

John Jones became a member of the fire department in 1936, when 35 years of age. In 1937 he filed an application for membership and took a physical examination. He was then 36 years of age and was rejected because he was over 35 years old. He took no further step to secure admission to the association until the institution of this proceeding.

Lewis F. Trax was appointed a member of the fire department in 1936. He applied for membership in 1937. He is suffering from a spinal condition and was unable to pass the physical examination. He was rejected because of his physical condition. He is now almost completely incapacitated. After 1937 he took no further step until the filing of the petition for mandamus.

Leroy Gates never applied for membership and did nothing until the institution of this action.

The record of the steps taken by the various plaintiffs to enforce their admission to membership in defendant association, shows, in most cases, the absence of a proper demand (Miller v. Henderson, 212 Pa. 263); also, in all cases, the failure to proceed with reasonable promptness, which is a necessary element to the procuring of the relief sought: Welp v. Blankenburg, 25 Dist. R. 131. In the case cited, plaintiff, on December 12, 1911, was honorably discharged as a fireman in the City of Philadelphia for disability. On September 3, 1912, he wrote to one of the civil service commissioners complaining that he had no trial. Subsequently he requested the officers of defendant for

reinstatement. He made no formal demand for a rehearing. In June 1915 he applied for a writ of mandamus, directing a reinstatement. This was refused, the court, Ferguson, J., saying:

"In no formal manner did the plaintiff act from the time of his discharge until June, 1915, a period of three and a half years. No demand was made for a rehearing of the charges against him, and plaintiff only indulged in desultory oral complaints and requests for reinstatement during the year 1912. After two and a half more years elapsed he instituted proceedings in this Court. . . . No man can be permitted to remain quiet after a formal discharge for so long a period of time, and then be heard to question the regularity of the proceedings. . . . Laches may be imputed to a dismissed employe, and each case must stand upon its own peculiar facts: Gallagher v. Blankenburg, 248 Pa. 394. The facts in this case require us to hold that the laches of the plaintiff is a bar to relief."

This same principle was recognized in Commonwealth v. Southwark Fire-Engine Co., 12 Phila. 177; McDonald v. Armstrong, 68 Pitts. L. J. 45.

In People v Finn, 247 Ill. App. 53, it was held that a delay of one year and seven months in making application for an annulment of an order of the civil service commission for the discharge of petitioner from a municipal police department barred his right to relief by mandamus

In the time intervening between the making of inquiries by certain of the plaintiffs as to their right to become members of defendant association, and the taking of such steps as were taken by some of them, the situation has changed. Several of the petitioners have now attained an age which makes them eligible for retirement, and if now admitted to membership they could immediately participate in the fund which the association has acquired in the meantime. This might

work an injustice to the other members of the association.

The bylaws of which plaintiffs complain were designed to serve, and do serve, the best interests of a majority of the firemen of the City of Wilkes-Barre, who are members of the association. Plaintiffs' counsel treats the case as one involving the right of plaintiffs to become members of a retirement system regulated by statute, such as was created by the Act of June 27, 1923, P. L. 858, and its supplements, 71 PS §1731. The case of Buckendorf v. Minn. F. D. R. Assn., 112 Minn. 298, 127 N. W. 1133, relied upon by plaintiffs, was decided under and by virtue of a statutory provision which entitled plaintiff to membership in defendant association, and is, therefore, clearly distinguishable from the present case. We cannot conclude that the position taken by plaintiffs is correct. There is, in this State, no statute which defines the qualifications for membership in a firemen's relief association. Defendant corporation is a beneficial association, and the qualifications for membership are properly designated by its bylaws, if the latter are not contrary to law. See Myers v. Alta Friendly Society, 29 Pa. Superior Ct. 492; Asselto et al. v. Knights of Maccabees, 192 Pa. 5.

The ordinance of the City of Wilkes-Barre, providing for the payment of the funds received from the State under the Act of June 28, 1895, P. L. 408, to defendant corporation, determines the disposition of the funds so received. However, this provision created no vested right in any of the funds prior to their payment to the association, and is subject to revocation or modification by the city officials: Firemen's Relief Association v. Scranton, 217 Pa. 585.

If plaintiffs are being unjustly discriminated against because of their inability to meet the requirements of the bylaws of defendant association regulating membership therein, the city officials, in the exercise of

their discretion, may change the distribution of the funds received from the State, and make a portion of the same payable to an association formed by plaintiffs.

We conclude, however, that plaintiffs are not entitled to the relief sought in this proceeding.

Plaintiffs' motion for judgment n. o. v. denied.